### TICKNER ET AL. *vs.* ROBERTS.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

The forms of public instruments are regulated by the laws of the country in which they are made. So, a protest made in another state, which *wants the seal* prescribed by law in that state, will not be received in evidence as such, in this. The laws of that state will not be disregarded by any parole evidence to the contrary.

When there is no proof of a demand upon the drawee of a bill, the court cannot presume one. Until this is shown, the drawer is not liable.

Where there is no demand shown to have been made on the drawee, but the drawer supposing one had been made, thought himself liable, and promised to pay the draft: *Held*, that the promise was made in error, and is not binding.

The *onus probandi* showing a demand lies on the plaintiff. The adverse party cannot show that no demand was made.

This is an action instituted against the defendant as drawer of a bill of exchange, to which he opposed the plea of

the general issue. This draft was protested for non-payment by the drawee and acceptor, in Mobile, where it was payable.

On the trial, the authority and capacity of the notary public who protested the draft sued on, was called in question, and that the protest was not made in due form, as required by the laws of the state of Alabama, where the bill sued on was drawn, and also where the drawee resided.

The validity of the protest being objected to, it was denied that any demand was ever made on the drawee, so as to charge the defendant as drawer.

Parolé evidence was offered to show that demand and protest was made in the usual form and manner as observed in Alabama. It was also in proof, that the defendant, on being informed of the dishonor of his draft, acknowledged his liability, and promised to pay it.

The parish judge gave judgment for the plaintiff, and the defendant appealed.

*Thomas Slidell,* for the plaintiffs, urged the affirmance of the judgment, which he contended was fully supported by the evidence, in accordance with the law of the case.

*Elmore, King* and *Gray,* for the defendant, contended, that no recovery could be had, because there is no evidence of any legal demand having ever been made on the drawee. The protest offered is informal and illegal, and proves no demand. It is not a notarial act, and proves nothing.

2. There is no subsequent promise to pay on the part of the defendant. The promise is an unaccepted offer which was not accepted, and therefore not binding.

3. Even if there be a subsequent promise, it was made without a knowledge of the material circumstances of the case, and is not binding. This is proved by the evidence in the case.

4. The plaintiffs cannot recover without proving a demand, or a subsequent promise from which that demand may be inferred. The promise in question is not such an one as warrants the inference.

EASTERN DIST.
March, 1837.

TICKNER ET AL.
vs.
ROBERTS.

Theseforms of public instruments are regulated by the laws of the country in which they are made: So, a protest made in another state, which wants the seal prescribed by law in that state, will not be received in evidence as such in this. The laws of that state will not be disregarded by any parole evidence to the contrary.
When there is no proof of a demand upon the drawee of a bill, the court cannot presume one. Until this is shown, the drawer is not liable.

*Martin, J.,* delivered the opinion of the court.

The defendant is appellant from a judgment against him, as drawer of a bill. His counsel contends that he is not liable, because there was no demand upon the drawee, and that the plaintiffs cannot avail themselves of his promise to pay the draft, because this promise was made while he was ignorant that no demand was made. The evidence of the demand is presented in an instrument purporting to be a protest.

The greatest portion of the state of Alabama was theretofore a part of the Mississippi territory; by the laws of which, notarial instruments were required to be authenticated by a seal, containing the coat of arms of the territory, the name and surname of the notary, his official capacity, and the place in which he exercised his office. After the erection of Alabama into an independent state, the legislature adopted the coat of arms of the former territory, as that of the new state. In a later digest of the laws of Alabama, the law of the Mississippi territory just cited, is inserted; and by a late act of assembly, is declared to be still in force.

The protest under consideration, is not authenticated with a seal like the one above described. The one used by the notary, has neither his name nor surname, but only the initials of them; neither has it the coat of arms. Witnesses have testified, that a seal like the one, the impression of which appears on the protest, is used by the notary in authenticating all his acts; that the correctness of his conduct, in this respect, has never been questioned, and no objection ever made to the reading of them in evidence, before the objection was taken during the trial of the present case, in the Parish Court. The form of public instruments is regulated by the laws of the country in which they are made; and the protest in this case, lacking the seal, which the law of that state prescribes, it appears to us, ought not to be received in evidence in our courts. The laws of Alabama being produced, we cannot be induced to disregard them by any parole evidence to the contrary.

There being no evidence of a demand on the drawee, we cannot presume one. *De non apparentibus et non existentibus, eadem est lex.*

If there was no demand on the drawee, the defendant was not liable. And if, being ignorant, that no such demand was made, he thought himself liable, and promised to pay the draft, the promise was made in error, and not binding. The counsel for the plaintiffs has urged, that if the defendant seek to avail himself of his error, he ought to show that no demand was made. In this conclusion we cannot concur. The law does not require impossibilities, and it is not possible to prove that no demand was made. As, however, the justice of the case is probably with the plaintiffs, we think its ends will be promoted by remanding the case for a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, and the case remanded for a new trial, the plaintiffs and appellees paying costs in this court.

Where there is no demand shown to have been made on the drawee, but the drawer suppos- ing one had been made, thought himself liable, and promised to pay the draft: *Held,* that the promise was made in error and is not bind- ing.